**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Oaklief,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Town of Gilbert, et al.,<br><br>　　　　　Defendant. | No. CV-25-03379-PHX-DWL (ASB)<br><br>**ORDER** |

　　　　Pending before the Court is Defendant's motion requesting that the Court screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2).  (Doc. 3.)  For the following reasons, the motion is denied.

## BACKGROUND

　　　　On August 13, 2025, Plaintiff filed this action in Maricopa County Superior Court. (Doc. 1-1 at 2.)  That same day, Plaintiff's "application for deferral or waiver of court fees or costs and consent to entry of judgment" was granted in that he was afforded a deferral (not a waiver) for various fees and costs "in this [state] court," including, *inter alia*, "filing fees" and "fees for service of process by a sheriff, marshal, constable, or law enforcement agency," with the condition that "a consent judgment may be entered against [Plaintiff] for all fees or costs that are deferred but remain unpaid 30 calendar days after entry of the final judgment, decree, or order unless [Plaintiff] establish[es] a payment plan and make[s] timely payments" or unless a supplemental application is pending with the state court at that time.  (*Id.* at 15-28.)

On August 25, 2025, Deputy R. Delp of the Maricopa County Sheriff's Office served process on Defendant. (*Id.* at 14.)

On September 15, 2025, Defendant removed this action to federal court. (Doc. 1.)

On September 22, 2025, Defendant filed a "motion to screen complaint and stay deadline to file responsive pleading." (Doc. 3.)

## DISCUSSION

### I. Defendant's Arguments

The motion relies on *Winters v. Comm'r of Soc. Sec. Admin.*, 2021 WL 778610, *1 (D. Ariz. 2021), for the proposition that "[w]hen a party proceeds *in forma pauperis*, 28 U.S.C. § 1915(e)(2) requires the Court to screen lawsuits and dismiss them *sua sponte* if it determines the action or appeal fails to state a claim on which relief may be granted." (Doc. 3 at 2.) Defendant then asserts that "[s]creening is required even after a removal from state court if the plaintiff requested and the state court granted a deferral of court fees" (*id.*), citing *Mendoza v. Murgia*, 2015 WL 11232446, *3 (D. Ariz. 2015).

### II. Analysis

#### A. Screenings Are Not Required Under § 1915

"In an effort to address the large number of prisoner complaints filed in federal court, Congress enacted the Prison Litigation Reform Act of 1995 (PLRA)." *Jones v. Bock*, 549 U.S. 199, 202 (2007). "What this country needs, Congress decided, is fewer and better prisoner suits. To that end, Congress enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good." *Id.* at 203-04 (cleaned up). The PLRA "departed in a fundamental way from the usual procedural ground rules by requiring judicial screening to filter out nonmeritorious claims: Courts are to screen inmate complaints 'before docketing, if feasible, or, . . . as soon as practicable after docketing,' and dismiss the complaint if it is 'frivolous, malicious, . . . fails to state a claim upon which relief may be granted[,] or . . . seeks monetary relief from a defendant who is immune from such relief.'" *Id.* at 213 (quoting 28 U.S.C. §§ 1915A).

Section 1915A pertains only to prisoners. "[A] court may screen a complaint

pursuant to 28 U.S.C. § 1915A only if, at the time the plaintiff files the complaint, he is incarcerated or detained in any facility because he is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (cleaned up).

A separate provision of the PLSA is 28 U.S.C. § 1915. Unlike § 1915A, which applies only to prisoners, § 1915 applies to all litigants who proceed in forma pauperis in federal court. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). And unlike § 1915A, which explicitly requires the Court to screen complaints, § 1915(e)(2) does not contain an explicit screening requirement.

Rather, Section 1915(e)(2) states that the Court "shall dismiss the case at any time if the [C]ourt determines" that Plaintiff is not poor or that the action is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from monetary relief. Although the words "shall dismiss" include a mandate—the word "shall" normally indicates that the Court is required to do something, *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("[T]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion.")—this mandate is conditioned on the Court making a determination, which it may do "at any time." There is nothing requiring the Court to review the complaint and make such a determination at any particular time. The absence of any explicit screening requirement in § 1915 is particularly notable, considering the explicit requirement in § 1915A.[1]

Without any screening requirement in § 1915, proactively screening the complaint is discretionary—but if the Court undertakes a screening process and determines that the complaint fails to state a claim, then the Court is required to dismiss the case. Routinely screening non-prisoner IFP complaints appears to be more of a tradition than a

---

[1] *See, e.g.*, *Smith v. Edwards*, 2024 WL 1152274, *1 (M.D. La. 2024) ("screening *mandated* by 28 U.S.C. § 1915A and *authorized* by 28 U.S.C. § 1915(e)") (emphasis added).

requirement. Although many district judges (within the District of Arizona and elsewhere) have assumed that proactive screening is "required" under § 1915(e)(2)(B), this assumption tends to be flatly stated without any engagement with the text of the statute to justify such a conclusion.[2]

The Tenth Circuit has considered the issue of whether § 1915 screenings (*i.e.*, reviewing the complaint at the inception of the case to determine whether sua sponte dismissal is appropriate) are required or merely authorized. The Tenth Circuit concluded that § 1915 screenings are not required:

> Ms. Green focuses on the change in language to the statute in 1996 as evidence that the district court has an obligation to screen cases for merit under § 1915(e)(2) before granting a motion to proceed IFP. Prior to 1996, § 1915(d) provided: "The court ... *may* dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1994) (emphasis added). Subsection (d) was changed to (e) and now provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B) (2012) (emphasis added). Ms. Green argues that the express change in language from "may" to "shall" imposes a screening requirement on magistrate judges when reviewing motions to proceed IFP. Moreover, in order for § 1915(e)(2) to have any meaning, she contends, screening must be done sua sponte, prior to service of summons.
>
> Though screening might be a good practice and more efficient, we find that nothing in this language *requires* an assigned magistrate judge to screen a case for merit or to make a recommendation for dismissal to the district court before granting IFP status. As the district court noted, the language of § 1915(e)(2) does not impose a duty to screen or review *before* service of summons. Instead, it requires a court to dismiss a case filed by an IFP litigant *at any time* the court determines that the action or appeal is frivolous or fails to state a claim on which relief may be granted. There is simply nothing in the language of the statute indicating that such a dismissal must occur before grant of a motion to proceed IFP. Even the screening requirement of § 1915A(a), which applies only to prisoner complaints against government

---

[2] The Court found one Ninth Circuit case that states, while providing a procedural background of the case, that "Magistrate Judge Lynch granted Glick's motion to proceed *in forma pauperis* and conducted a preliminary screening of Glick's complaint *as required by* 28 U.S.C. § 1915(e)(2)." *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015) (emphasis added). However, whether § 1915(e)(2) "requires" or merely "authorizes" preliminary screening of non-prisoner IFP complaints was not at issue in that case, and dicta without any analysis is not binding. *United States v. McAdory*, 935 F.3d 838, 843 (9th Cir. 2019) ("Well-reasoned dicta is the law of the circuit, but we are not bound by a prior panel's comments made casually and without analysis, uttered in passing without due consideration of the alternatives, or done as a prelude to another legal issue that commands the panel's full attention.") (cleaned up).

> officials, is not that strict. There are good reasons for flexibility. Dismissing a complaint without benefit of an adversarial presentation is often an uncertain and time-consuming task, and the district court should make the call as to if and when it is appropriate.

*Buchheit v. Green*, 705 F.3d 1157, 1160-61 (10th Cir. 2012) (cleaned up).

Although § 1915 screenings are discretionary, the Court routinely screens complaints in IFP cases before authorizing service to spare defendants the bother and expense of reviewing and responding to clearly baseless complaints (as well as to spare the government the cost of serving complaints that are plainly deficient). *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, [§ 1915(e)(2)] authorizes federal courts to dismiss a claim filed *in forma pauperis* [on various grounds]. Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.") (cleaned up).

Nevertheless, as stated by the Tenth Circuit, "[d]ismissing a complaint without benefit of an adversarial presentation is often an uncertain and time-consuming task, and the district court should make the call as to if and when it is appropriate." *Buchheit*, 705 F.3d at 1161. As such, deciding whether to screen a complaint—that is, deciding whether to review a complaint and devote judicial resources to making a determination as to whether the complaint states a claim—is an exercise of discretion.

**B.     Screening A Removed Complaint Under § 1915**

Contrary to Defendant's assertion that "[s]creening is required even after a removal from state court if the plaintiff requested and the state court granted a deferral of court fees" (Doc. 3 at 2), *Mendoza* does not state or imply that screening pursuant to § 1915 is "required" in any circumstance—indeed, Judge Jorgenson stated, in a case where the plaintiff had been "given *in forma pauperis* status by the Santa Cruz Superior Court," that the Court "may" screen the complaint pursuant to § 1915(e). 2015 WL 11232446 at *3.

1    It is questionable whether § 1915(e) authorizes screening when the plaintiff initiated the action in state court and achieved some sort of financial relief in state court, but then the defendant removed the action to federal court and paid the filing fee upon removal. Furthermore, here, especially in light of the state court order's specificity in noting that its deferral applied only to fees in that particular court, it does not appear that Plaintiff is truly proceeding "in forma pauperis" in *this* court—and because the filing fee is already paid and service is already effected, it appears unlikely that Plaintiff will need to file an application to so proceed in this federal action. But at any rate, the Court need not grapple with whether § 1915(e) authorizes screening in such a scenario because even if it does, the Court, in its discretion, declines to screen the complaint under the circumstances. Defendant has already been served and has already had time and occasion to review the complaint. At this point, any challenge to the complaint's sufficiency is better brought by Defendant, such that the Court can make its determination with the benefit of adversarial briefing.

Accordingly,

**IT IS ORDERED** that Defendant's motion for § 1915 screening (Doc. 3) is **denied**.

Dated this 24th day of September, 2025.

_____
Dominic W. Lanza
United States District Judge